IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RONNA SALERNO,**                                                  Civ. No. 6:20-cv-00178-MK

                                       Plaintiff,               **OPINION AND ORDER**

     v.

**DOUGLAS COUNTY SHERIFF'S OFFICE,**

                                       Defendant.

**KASUBHAI, Magistrate Judge:**

       Plaintiff Ronna Salerno ("Plaintiff"), brought this action against Defendant Douglas County Sheriff's Office ("Defendant") alleging age discrimination, sex discrimination, and retaliation based on failure to promote and constructive termination. Defendant moved for summary judgment and Plaintiff filed a sur-reply containing a motion to strike additional evidence added to the record by Defendant on reply. For the reasons stated, Defendants' motions is granted in part and denied in part. Plaintiff's motion is denied as moot.

## BACKGROUND

       Plaintiff was hired as a dispatcher for Douglas County on April 12, 1994 and continued to work in DCSO's dispatch center until she retired in October of 2019. In 2003, Plaintiff was promoted from dispatcher to dispatch supervisor. In 2015, Plaintiff applied to be promoted to the

Page 1 – OPINION AND ORDER

dispatch manager position. DCSO conducted an internal hire process for the dispatch manager position, with Plaintiff competing against two other dispatch supervisors, Tom Cross and Laurie Jackson. Among the competitors for the dispatch manager position, Plaintiff was the longest-tenured applicant at DCSO, but was not selected for the promotion. Instead, Laurie Jackson was hired as the dispatch supervisor in 2015.

In 2016, Plaintiff was called upon to perform managerial duties for the dispatch center while the new dispatch manager, Ms. Jackson, took an extended leave. According to Ms. Jackson, Plaintiff "ran the dispatch center for over a month with no complaints or problems." During this time, Plaintiff was responsible for personnel management, payroll, and dealing with other County agencies. Plaintiff's performance reviews throughout her employment were uniformly positive.

Two years later, in 2018, Plaintiff again applied for an internal promotion, this time for the position of Communications Manager. At the time, the people with authority over the interview and promotion process were Sheriff Hanlin and Undersheriff Frieze. Plaintiff was one of four competitors for this position. Ms. Jackson – then the outgoing Dispatch Supervisor – recommended to Sheriff Hanlin and Undersheriff Frieze that they hire Plaintiff due to her tenure and skills. Hanlin and Frieze then conducted an interview process, gathering written applications and conducting interviews with the four applicants. The applicants were scored according to a point system, which then informed the hiring decision. The applicant scoring process resulted in Plaintiff and a competitor, Tom Cross, receiving scores of 184 and 194, respectively. As the recipient of the highest number of points, Tom Cross was promoted to Communications Manager.

Before announcing their decision to promote Mr. Cross, Sheriff Hanlin and Undersheriff Frieze met with Plaintiff in person to inform her of their decision. Upon hearing the news, Plaintiff became very upset, vocalizing her disagreement with the decision and noting that Mr. Cross was

less qualified for the position than Plaintiff. On March 11, 2019, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) about the decision to hire Mr. Cross. Plaintiff remained employed with DCSO as dispatch supervisor until March 25, 2019, when she announced that she would retire "around October 2019." Plaintiff accordingly retired on October 1, 2019.

Plaintiff then brought this action, alleging that DCSO discriminated against her based on her age and sex in their decision to deny her a promotion to Communications Manager. Plaintiff also alleges that DCSO retaliated against her for challenging the decision to hire Mr. Cross over Plaintiff, a longer-tenured and more experienced female employee who was also several years older than Mr. Cross. Defendants now move for summary judgment, arguing that there is no genuine issue of material fact regarding any of Plaintiff's claims, because (1) there is no evidence of age discrimination; (2) there is no evidence of discrimination based on sex; and (3) there is no evidence of retaliation.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T. W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of

a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T. W. Elec., 809 F.2d at 630.

## DISCUSSION

Plaintiff's claims allege disparate treatment based on age, sex, and retaliation on the basis of age and sex. At the summary judgment stage, courts have traditionally used the three-part burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) where the claims are based upon circumstantial evidence. See McGinest v. GT Serv. Corp., 360 F.3d 1103, 1124 (9th Cir. 2004). However, when a claimant can prove disparate treatment or retaliation based on direct evidence, the three-part burden-shifting analysis is not used. Enlow v. Salem-Keizer Yellow Cab Co., 389 F.3d 802, 812-13 (9th Cir. 2004). Instead, once a claimant produces direct evidence that would support an inference of discrimination or retaliation, she has carried her burden and summary judgment must be denied. Id. Moreover, when the evidence provided by the claimant is direct, very little evidence is needed to survive summary judgment. E.E.O.C. v. Boeing Co., 577 F.3d 1044, 1049 (9th Cir. 2009).

I.   **AGE DISCRIMINATION CLAIM**

Plaintiff's age discrimination claim was filed under the Age Discrimination in Employment Act of 1967, 29 U.S.C.S. § 623 ("ADEA"). To prevail on a claim under the ADEA, the claimant must prove that age was the "but-for" cause of an adverse employment decision. Gross v. FBL Fin. Services, Inc., 557 U.S. 167, 176 (2009). Liability depends upon whether the protected trait

motivated the employer's decision and had a determinative influence on the outcome of the employment decision. Hazen Paper Co. v. Biggins, 507 U.S. 607, 610 (1993).

Here, Plaintiff was eight years older than Mr. Cross, the applicant who was promoted to the Communications Manager position. An age differential of less than 10 years is "presumptively insubstantial" to sustain an ADEA claim. France v. Johnson, 795 F.3d 1170, 1174 (9th Cir. 2015). Plaintiff alleges that this age differential was a substantial "determining factor and/or … motivating factor" in Defendant's decision to promote Mr. Cross because another DCSO employee, Dawna Pachmeyr, had filed an internal complaint stating that Plaintiff was "slowing down" with her work.

Ms. Pachmeyr's complaint was not substantiated, and she received a warning for filing her complaint. Sheriff Hanlin testified that he thought about Ms. Pachmayr's complaint but that it was not determinative or even influential on the decision to hire Mr. Cross over Plaintiff. Further, Defendant has filed declarations from Sheriff Hanlin and Undersheriff Frieze stating that age was not considered in making their promotional decision, and that they were unaware of Plaintiff's exact age. On this record, Plaintiff has failed to provide evidence to rebut the presumption that an 8-year difference in age was not a substantial cause of the adverse employment decision. France, 795 F.3d at 1174. Defendants' motion is granted as to Plaintiff's ADEA claim.

## II.   CLAIM OF SEX DISCRIMINATION

Plaintiff also alleges that Defendants discriminated against her on the basis of sex in their decision not to promote her to Communications Manager, in violation of Title VII of 42 U.S.C. § 2000e-2(a). Specifically, Plaintiff alleges that "disparate treatment" caused a male, Mr. Cross, to be promoted over Plaintiff.

Under 42 U.S.C. § 2000e-2(a), an employer may not discriminate on the basis of race, color, religion, sex, or national origin when making an employment decision, such as the decision whether to promote an employee. To establish a violation of Title VII, the claimant must show that the employer's intent to discriminate was a motivating factor in making the decision. 42 U.S.C. § 2000e-2(m). If the court finds that gender was a motivating factor in the decision, the burden shifts to the Defendant to show that it would have taken the same action in the absence of the impermissible motivating factor.

To sustain a status-based claim under Title VII, there must be specific instances of intentionally discriminatory conduct, such as slurs, disparate treatment with comparators, and/or other indications of gender-driven animus by the same actors. Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 570 U.S. 338, 359 (2013). Here, Sheriff Hanlin retained discretionary authority over who to hire for the Communications Manager position. Defendants argue that there are no instances where Sheriff Hanlin made gender-based slurs, refused to hire a more qualified female over a less qualified male, or exhibited gender-based animus in the workplace. See Vasquez v. County of Los Angeles, 349 F.3d 634, 641-42, n. 17 (9th Cir. 2003).

The Court disagrees. In his evaluation of Plaintiff's interview, Sheriff Hanlin awarded a relatively lower score to Plaintiff than to the male applicant, noting that Plaintiff "struggled answering several of the questions," "hesitated a lot," and "seemed nervous when struggling to answer questions." Hesitancy and passivity are both gendered traits traditionally valued in and demanded of women. Plaintiff also received relatively lower scores in the category of "Ambition" and in "General Presentation," also highly gendered categories with implicit social rules for how females may be evaluated that sharply diverge from the social standards by which males are evaluated. Defendants argue that Plaintiff's "meekness" and "hesitation" also put her at a

disadvantage relative to the "strong" performance of her competitor, Mr. Cross. Evaluative social norms and expectations also tend to appraise meekness and strength differently in males than in females. In the Ninth Circuit, using comparators to describe females "nervous" versus males as strong and assertive can constitute sex stereotyping and sufficient evidence of pretext to overcome summary judgment. Lindahl v. Air France, 930 F.2d 1434 (9th Cir. 1991).

Beyond the gendered descriptors used by Sheriff Hanlin and Undersheriff Frieze to evaluate candidates for the Communications Manager position, Plaintiff has presented evidence of gender-based animus in the workplace. This includes a negative comment about women by Sheriff Hanlin attributing workplace issues to females in the Dispatch Center; the deliberate exclusion of a female from the hiring panel in contravention of past practice; the treatment of female candidates differently than male candidates during the promotional process; and sex-stereotyping by Sheriff Hanlin and his Undersheriff during the promotional process. In the Ninth Circuit, such practices constitute specific and substantial evidence of pretext sufficient to overcome summary judgment. Bergene v. Salt River Project Agr. Imp. and Power Dist., 272 F.3d 1136 (9th Cir. 2001). Further, among DCSO's seven manager and upper administrative positions, there are no female employees; each position is held by a man. Making all inferences in favor of the non-moving party, there is circumstantial evidence that gender played a role in the promotional decision that disfavored Plaintiff.

On this record, Plaintiff has provided sufficient evidence to create an issue of fact as to whether her employer's intent to discriminate was a motivating factor in making the decision to hire Mr. Cross as Communications Manager. Defendants' motion for summary judgment on Plaintiff's claim of sex discrimination is therefore denied.

### III.     RETALIATION CLAIM

Plaintiff also alleges that Defendants retaliated against her for speaking out about the decision to hire Mr. Cross, and for making a complaint to the EEOC on March 11, 2019. To make out a prima facie case of retaliation, a claimant must show that (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994). Once a claimant makes out a prima facie case, the usual burden-shifting analysis applies. Conduct-based retaliation claims under Title VII require "but-for" causation. Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013).

Defendants first argue that the Sheriff and Undersheriff were never aware of Plaintiff's EEOC complaint, so they could not have retaliated against her. Title VII and the ADEA, however, prohibit retaliation for opposing any practice made unlawful by the statutes; a formal complaint is not required. Crawford v. Metropolitan Government of Nashville and Davidson County, 555 U.S. 271, 276 (2009). Here, Plaintiff has presented evidence that Sheriff Hanlin was aware that Plaintiff was upset about the decision to hire Mr. Cross and feared that she would quit.

Defendants next argue that Plaintiff's complaint did not constitute a protected activity because Plaintiff did not sufficiently specify that her opposition to the decision to hire Mr. Cross was based upon gender-based employment discrimination. As Crawford makes clear, however, it is "unlawful … for an employer to discriminate against any … employe[e] … because he has opposed any practice" made unlawful by the statutes. 555 U.S. at 276 (ellipses in original). The Supreme Court in Crawford goes on to point out that opposition to an unlawful practice need not involve an utterance at all; it may consist, for example, in silently refusing to follow an order. Id. at 277. Here, Plaintiff clearly expressed her opposition to the decision to promote Mr. Cross, which

she has alleged constituted unlawful gender-based discrimination. Plaintiff's expressions of dissent to Defendant's hiring decision therefore constituted a protected activity.

Defendants also argue that Plaintiff was not subject to any adverse employment action following her complaint, and that she retired only once she became eligible for retirement. The Court disagrees. For the purposes of retaliation cases under Title VII or the ADEA, an adverse employment action is any action that is reasonably likely to deter employees from engaging in protected activity. Ray v. Henderson, 217 F.3d 1234, 1142-43 (9th Cir. 2004). Adverse actions can include poor performance reviews, decreased job responsibilities, and exclusion from meetings which the claimant previously attended. Passatino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 494, 506 (9th Cir. 2000). Here, Plaintiff offered evidence that Sheriff Hanlin admonished Plaintiff not to complain further about the decision to hire Mr. Cross; removed her from hiring boards and meetings with DCSO's safety partners; and required Plaintiff to train the male who was promoted to Communications Manager over Plaintiff. Mr. Cross also acknowledged Plaintiff's opposition to his promotion in one of Plaintiff's performance reviews in 2018, stating that Plaintiff "needs to handle herself in a professional manner and keep her comments to herself and do her job." On this record, Plaintiff has presented evidence from which a reasonable jury could conclude that she was subject to an adverse employment action. Passatino, 212 F.3d at 506. Because Defendant contests some of these allegations of retaliatory behavior, presenting alternative interpretations of Plaintiff's evidence, an issue of material fact exists and summary judgment is not appropriate.

Plaintiff testified that she made the decision to retire only because of the discrimination and ongoing retaliation and threats she experienced at the hands of the Sheriff, Undersheriff, and Mr. Cross. Plaintiff explains that she believed she would be forced out of her job if she did not

retire. Defendant argues that Plaintiff was not constructively discharged because she did not testify that she believed she would be fired. Such a belief, however is not required; in the Ninth Circuit, a constructive discharge occurs when a claimant quits their job under circumstances in which a reasonable person would feel that the conditions of employment have become intolerable. Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1110 (9th Cir. 1998). Here, a reasonable jury could find that Plaintiff's retirement constituted a constructive termination based on Defendant's continuous pattern of discriminatory treatment. See Bahri v. Home Depot USA, Inc., 242 F.Supp.2d 922, 940 (D.C. Or. 2002).

On this record, making all inferences in the light most favorable to Plaintiff, there is a genuine issue of fact for trial as to whether Defendants took retaliatory actions against Plaintiff that would not have occurred but-for her opposition to alleged gender discrimination.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (ECF 18) is GRANTED in part and DENIED in part. Plaintiff's claims of age discrimination and retaliation based on a complaint of age discrimination are dismissed. Plaintiff's motion to strike (ECF 25) is denied as moot.

IT IS SO ORDERED.

DATED this 24th day of August 2021.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge
